**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.** **NO. CR 15-1415 RB**
**NO. CR 15-1416 RB**

**ANDREW OCANAS GARZA,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Plaintiff's Motion for Revocation of Conditions of Pretrial Release. (Doc. 70). The Court held a hearing on this motion on June 1, 2015. Having considered the record, submissions of counsel, and being otherwise fully advised, the Court grants this motion.

## I. Background

Defendant is charged in two Indictments with conspiracy to distribute 100 kilograms and more of marijuana, in violation of 21 U.S.C. § 846. On April 27, 2015, Defendant was arrested in Lubbock, Texas. On May 8, 2015, the Honorable Nancy M. Koenig, United States Magistrate Judge for the Northern District of Texas, held a detention hearing and ordered Defendant released on his own recognizance. The order was stayed by the Honorable Sam R. Cummings, Senior District Judge for the Northern District of Texas.

The United States filed a motion to revoke the release order, arguing that Defendant presents a flight risk and poses a danger to the community. Defendant opposes the motion.

According to the Pretrial Services Report, Defendant has prior convictions for hindering apprehension or prosecution of known felon, assault causing bodily injury, possession of a controlled substance, evading arrest or detention, and driving while intoxicated. Defendant admitted that he uses marijuana daily, cocaine occasionally, and alcohol on a weekly basis.

## II. Standard

The Bail Reform Act requires a magistrate judge or district court judge to order a defendant detained before trial if the judge determines "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Court reviews a magistrate judge's decision on detention de novo. *See* 18 U.S.C. § 3145(b); *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).

The United States must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear-and-convincing evidence. *See United States v. Cisneros*, 328 F.3d at 616; 18 U.S.C. § 3142(f). The concept of safety of the community under § 3142(e) is not limited to the danger of physical violence, but rather "refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Boy*, 322 Fed. Appx. 598, 600 (10th Cir. 2009) (unpublished decision) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (internal quotation marks omitted)).

When, as here, the Indictment charges a violation of the Controlled Substances Act carrying a maximum term of imprisonment of ten years or more, there is a rebuttable presumption

that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). "Once the presumption is invoked, the burden of production shifts to the defendant." *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991). "The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1355. Nevertheless, the burden of persuasion always remains on the government to establish that the defendant should be detained as a flight risk or a danger to the community. *Id.*; *United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989).

In deciding whether the government has satisfied its burden, the Court must consider: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence; (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings); and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. *See* 18 U.S.C. § 3142(g).

## III. Discussion

The first factor, the nature and circumstances of the offenses charged, weighs heavily in favor of detention. The Indictments against Defendant and his alleged co-conspirators result from a lengthy investigation which included the Court-authorized Title III wiretap interception of five people using eight different telephones over the course of four months. The United States alleges

that Defendant was intercepted in a significant number of calls with Jesus Noe Lopez-Tellez. In the Indictment, the United States alleges that Jesus Noe Lopez-Tellez was responsible for distributing large amounts of marijuana to Defendant in the Lubbock, Texas area. As the Grand Jury found probably cause to believe that Defendant was involved in a far-ranging drug-distribution conspiracy, the second factor weighs in favor of detention.

The second factor, the weight of the evidence, also favors detention. The charges against Defendant in the two Indictments involve a large-scale conspiracy to distribute marijuana. The United States intercepted extensive communications between Defendant and the co-defendants about the alleged marijuana-distribution conspiracy. In addition, law enforcement agents found twenty-nine pounds of marijuana in a co-defendant's gas tank. Significant quantities of drugs and currency as well as a gun were found at Defendant's residence. The weight of the evidence is particularly strong. Thus, the second factor weighs in favor of detention.

The third factor involves an evaluation of the history and characteristics of Defendant. Defendant has strong family and business ties to Lubbock, Texas. Defendant is a United States citizen. He grew up in west Texas. Before his arrest Defendant never ventured outside the state of Texas. Defendant does not have a passport. Defendant has a teenage daughter, an ex-wife, and a live-in girlfriend in Lubbock, Texas. He owns property, runs a business, and has substantial ties to the community. Based on this evidence the Court finds that the United States did not meet its burden to prove risk of flight by a preponderance of the evidence. However, Defendant's criminal record and the circumstances of his arrest outweigh his community ties and militate strongly against his release as these factors demonstrate that Defendant poses a danger to the community. To be clear, the Court finds that the United States has shown by clear and convincing evidence that

Defendant presents a danger to the community. For this reason, the fourth statutory factor weighs heavily in favor of detention.

Notably, in the past twenty years, Defendant has accumulated four drug-related arrests and three convictions, including at least one felony drug conviction for which he received a nine year sentence. At the time of his arrest, law enforcement agents found a handgun in the nightstand next to Defendant's bed. Defendant's claim that the gun belonged to his girlfriend is a distinction without a difference as the gun was found in their shared bedroom. Additionally, significant quantities of controlled substances and currency were found in Defendant's house. More specifically, law enforcement agents found approximately one hundred and fifty three grams of marijuana and approximately twelve grams of cocaine in Defendant's bedroom. In another bedroom, agents found a brick of marijuana weighing approximately four hundred grams. The agents seized more than $1,200 from Defendant's wallet and more than $40,000 in his safe. The Pretrial Services Report reflects that Defendant admitted to using marijuana daily, cocaine occasionally, and alcohol on a weekly basis.

Considering the presence of the firearm, drugs, and cash at Defendant's residence and Defendant's admitted ongoing drug use, the Court finds that the United States has established that Defendant presents a danger to the community by clear and convincing evidence. It bears underscoring that conditions of release cannot assure the safety of the community against the danger that Defendant might engage in further criminal activity.

Additionally, United States Probation Officer Guadalupe Garcia investigated Defendant's proposed third-party custodian Cassandra Ortiz and determined that she did not qualify as a suitable third-party custodian. United States Probation Officer Raul Magallanes interviewed

Defendant's proposed third-party custodians Shane Vincent and Kenneth Vincent and determined that they were not interested in serving in such capacity. Accordingly, even if the Court were inclined to set conditions of release, Defendant would not be able to satisfy such conditions as he has not identified a suitable third-party custodian.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Revocation of Conditions of Pretrial Release is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant will remain in the custody of the United States Marshals Service pending further order of the Court.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**